# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERKINELMER, INC. and CALIPER LIFE SCIENCES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC.<br><br>Defendant. | C.A. NO.: _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

PerkinElmer Inc. ("PerkinElmer") and Caliper Life Sciences, Inc. ("Caliper") (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Complaint against Illumina, Inc. ("Defendant") and allege as follows:

## The Parties

1. PerkinElmer is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business at 940 Winter Street, Waltham, Massachusetts, 02451.

2. Caliper is a corporation organized under the laws of the State of Delaware that is a wholly owned subsidiary of PerkinElmer Holdings, Inc. (a corporation organized under the laws of the Commonwealth of Massachusetts), which is a wholly-owned subsidiary of PerkinElmer with its principal place of business at 68 Elm Street, Hopkinton, Massachusetts, 01748.

3. Upon information and belief, Defendant is a corporation organized under the laws of the state of Delaware with a principal place of business at 5200 Illumina Way, San Diego, California 92122.

## Jurisdiction And Venue

4. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

6. This Court has personal jurisdiction over Defendant.  Upon information and belief, Defendant has engaged and currently engages in continuous and systematic contacts with the Commonwealth of Massachusetts.  Specifically, Defendant has marketed, placed, and continues to place products into the stream of commerce via established distribution channels, with the knowledge and/or understanding that such products are marketed and/or sold within this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## The Patents-In-Suit

8. The Trustees of the University of Pennsylvania is the assignee of all right, title and interest in U.S. Patent 5,866,345 (the "'345 patent"), titled "Apparatus For The Detection Of An Analyte Utilizing Mesoscale Flow Systems."  The inventors of the '345 patent are Peter Wilding, Larry J. Kricka and Jay N. Zemel.

9. The Trustees of the University of Pennsylvania granted Caliper an exclusive, worldwide right and license to make, have made, use, sell and prosecute infringement of the '345 patent on May 9, 2002.

10. The United States Patent and Trademark Office duly and legally issued the '345 patent on February 2, 1999. The '345 patent expired on May 1, 2012. A true and correct copy of the '345 patent is attached to this Complaint as Exhibit A.

11. Caliper is the assignee of all right, title and interest in U.S. Patent 6,811,668 (the "'668 patent"), entitled "Apparatus For The Operation Of A Microfluidic Device." The inventors of the '668 patent are Manfred Berndt, Patrick Kaltenbach and Colin B. Kennedy.

12. The United States Patent and Trademark Office duly and legally issued the '668 patent on November 2, 2004. A true and correct copy of the '668 patent is attached to this Complaint as Exhibit B.

13. Caliper is the assignee of all right, title and interest in U.S. Patent 6,403,338 (the "'338 patent"), entitled "Microfluidic Systems And Methods Of Genotyping." The inventors of the '338 patent are Michael Knapp, John Wallace Parce, Luc J. Bousse and Anne R. Kopf-Sill.

14. The United States Patent and Trademark Office duly and legally issued the '338 patent on June 11, 2002. A true and correct copy of the '338 patent is attached to this Complaint as Exhibit C.

15. Caliper is the assignee of all right, title and interest in U.S. Patent 6,391,622 (the "'622 patent"), entitled "Closed-Loop Biochemical Analyzers." The inventors of the '622 patent are Michael Knapp, John Wallace Parce, Luc J. Bousse and Anne R. Kopf-Sill.

16. The United States Patent and Trademark Office duly and legally issued the '622 patent on May 21, 2002. A true and correct copy of the '622 patent is attached to this Complaint as Exhibit D.

**Factual Background**

17. Defendant develops, manufactures and sells sequencing technologies directed to, *inter alia*, genotyping, copy number variation analysis, methylation studies and gene expression profiling of DNA and RNA that infringes one or more claims of the '345 patent. The infringing technologies are flow cells and sequencing platforms that utilize components, including flow cells, having specific properties that meet one or more claims of the '345 patent.

18. Defendant intentionally markets its infringing sequencing platforms and flow cells to its customers via its website. Moreover, Illumina provides support for its infringing technologies to its customers on its website by providing, for example, user guides for its infringing technologies. When Defendant's infringing sequencing platforms or flow cells are used for their intended purpose and according to the corresponding user guide, then those acts constitute direct infringement.

19. Upon information and belief, Defendant has sold such infringing sequencing technologies to its customers who include, for example, genomic research centers, academic institutions, government laboratories, hospitals and reference laboratories.

20. Upon information and belief, such infringing sequencing technologies are used in methods that infringe the '338 and '622 patents. For example, such infringing technologies can be used to genotype a sample material in a microscale device and/or identify the presence or absence of a plurality of different predetermined sequence variations at different loci on a target nucleic acid sequence.

21. Defendant has developed, manufactured and sold a Genome Analyzer that sequences clustered template DNA using a robust four-color sequencing by synthesis technology. This infringing product contains components, including a mounting region for

receiving a microfluidic device and a material transport system, that infringe one or more claims of the '668 patent.

22.     Upon information and belief, Defendant continues to provide support and service to its customers via its website for its infringing Genome Analyzer product by providing, for example, a user guide for the Genome Analyzer.  Upon information and belief, when the Genome Analyzer is used for its intended purpose and according to the user guide, then those acts constitute a direct infringement.

### COUNT I
### (INFRINGEMENT OF U.S. PATENT 5,866,345 BY DEFENDANT)

23.     PerkinElmer realleges and incorporates by reference paragraphs 1 through 22, inclusive, as if fully set forth in this paragraph.

24.     Upon information and belief, Defendant directly infringes, either literally or under the doctrine of equivalents, one or more claims of the '345 patent, by making, using, selling and/or offering to sell flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that meet one or more claims of the '345 patent.

25.     Upon information and belief, Defendant has actively induced the infringement by others under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, of one more claims of the '345 patent by activities including selling flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that meet one or more claims of the '345 patent to its customers.  Defendant's customers who use the infringing products infringe the '345 patent.

26.     Upon information and belief, Defendant has contributorily infringed, either literally or under the doctrine of equivalents, the '345 patent by activities including selling flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific

properties that (i) meet one or more claims of the '345 patent to customers and (ii) are used for purposes, such as, detecting the presence of an analyte in a fluid sample, while knowing that such products are especially made or especially adapted for use in the infringement of the '345 patent, and are not staple articles suitable for substantial non-infringing use.

27. Upon information and belief, after a reasonable opportunity for discovery, PerkinElmer will discover facts demonstrating that Defendant knew or should have known of the '345 patent as of at least February 2, 1999.

28. Upon information and belief, the Defendant had actual knowledge of the '345 patent as of at least November 2010. In any event, the filing of this Complaint constitutes actual notice of the '345 patent to Defendant under 35 U.S.C. § 287.

29. Defendant's infringement of the '345 patent is and has been willful.

30. Defendant's acts of infringement of the '345 patent have caused PerkinElmer damages for which PerkinElmer is entitled to compensation pursuant to 35 U.S.C. § 284.

### COUNT II
### (INFRINGEMENT OF U.S. PATENT 6,811,668 BY DEFENDANT)

31. PerkinElmer realleges and incorporates by reference paragraphs 1 through 30, inclusive, as if fully set forth in this paragraph.

32. Upon information and belief, Defendant directly infringes, either literally or under the doctrine of equivalents, one or more claims of the '668 patent, by making, using, selling and/or offering to sell its Genome Analyzer product that meet one or more claims of the '668 patent.

33. Upon information and belief, Defendant has actively induced the infringement by others under 35 U.S.C. § 271, either literally or under the doctrine of

equivalents, of one more claims of the '668 patent by activities including selling its Genome Analyzer product that meets one or more claims of the '668 patent to its customers. Defendant's customers who use the Genome Analyzer product infringe the '668 patent.

34. Upon information and belief, Defendant has contributorily infringed under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, the '668 patent by activities including selling its infringing Genome Analyzer product that is used for purposes, such as, analyzing and synthesizing materials, while knowing that such product is especially made or especially adapted for use in the infringement of the '668 patent, and is not a staple article suitable for substantial non-infringing use.

35. Upon information and belief, after a reasonable opportunity for discovery, PerkinElmer will discover facts demonstrating that Defendant knew or should have known of the '668 patent as of at least November 2, 2004.

36. Upon information and belief, the Defendant had actual knowledge of the '668 patent as of at least October 21, 2013. In any event, the filing of this Complaint constitutes actual notice of the '668 patent to Defendant under 35 U.S.C. § 287.

37. Defendant's infringement of the '668 patent is and has been willful.

38. Defendant's acts of infringement of the '668 patent have caused PerkinElmer damages for which PerkinElmer is entitled to compensation pursuant to 35 U.S.C. § 284.

## COUNT III
**(INFRINGEMENT OF U.S. PATENT 6,403,338 BY DEFENDANT)**

39. PerkinElmer realleges and incorporates by reference paragraphs 1 through 38, inclusive, as if fully set forth in this paragraph.

- 8 -

40. Upon information and belief, Defendant directly infringes, either literally or under the doctrine of equivalents, one or more claims of the '338 patent, by activities including using, selling and/or offering to sell flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that meet one or more claims of the '338 patent to its customers.

41. Upon information and belief, Defendant has actively induced the infringement by others under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, of one more claims of the '338 patent by activities including selling flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that meet one or more claims of the '338 patent to customers with the knowledge that such products are used for purposes, such as, genotyping a sample material in a microscale device for the purpose of detecting a plurality of polymorphisms in the amplified sample. Defendant's customers who use Defendants' products for such infringing purposes infringe the '338 patent.

42. Upon information and belief, Defendant has contributorily infringed under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, the '338 patent by activities including selling flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that (i) meet one or more claims of the '338 patent to customers and (ii) are used for purposes, such as, genotyping a sample material in a microscale device for the purpose of detecting a plurality of polymorphisms in the amplified sample, while knowing that such products are especially made or especially adapted for use in the infringement of the '338 patent, and is not a staple article suitable for substantial non-infringing use.

43. Upon information and belief, after a reasonable opportunity for discovery, PerkinElmer will discover facts demonstrating that Defendant knew or should have known of the '338 patent as of at least June 11, 2002.

44. Upon information and belief, the Defendant had actual knowledge of the '338 patent as of at least October 21, 2013. In any event, the filing of this Complaint constitutes actual notice of the '338 patent to Defendant under 35 U.S.C. § 287.

45. Defendant's infringement of the '338 patent is and has been willful.

46. Defendant's acts of infringement of the '338 patent have caused and will continue to cause PerkinElmer damages for which PerkinElmer is entitled to compensation pursuant to 35 U.S.C. § 284.

**COUNT IV**
**(INFRINGEMENT OF U.S. PATENT 6,391,622 BY DEFENDANT)**

47. PerkinElmer realleges and incorporates by reference paragraphs 1 through 46, inclusive, as if fully set forth in this paragraph.

48. Upon information and belief, Defendant directly infringes, either literally or under the doctrine of equivalents, one or more claims of the '622 patent, by activities including using, selling and/or offering to sell flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that meet one or more claims of the '622 patent to its customers.

49. Upon information and belief, Defendant has actively induced the infringement by others under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, of one more claims of the '622 patent by activities including selling flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that meet one or more claims of the '622 patent to customers with the knowledge that such

products are used for purposes, such as, identifying the presence or absence of a plurality of different predetermined sequence variations at different loci on a target nucleic acid sequence. Defendant's customers who use Defendants' products for such infringing purposes infringe the '622 patent.

50. Upon information and belief, Defendant has contributorily infringed under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, the '622 patent by activities including selling flow cells and/or one or more of its sequencing platforms that utilize flow cells having specific properties that (i) meet one or more claims of the '622 patent to customers and (ii) are used for purposes, such as, identifying the presence or absence of a plurality of different predetermined sequence variations at different loci on a target nucleic acid sequence, while knowing that such products are especially made or especially adapted for use in the infringement of the '662 patent, and is not a staple article suitable for substantial non-infringing use.

51. Upon information and belief, after a reasonable opportunity for discovery, PerkinElmer will discover facts demonstrating that Defendant knew or should have known of the '662 patent as of at least May 21, 2002.

52. Upon information and belief, the Defendant had actual knowledge of the '662 patent as of at least October 21, 2013. In any event, the filing of this Complaint constitutes actual notice of the '662 patent to Defendant under 35 U.S.C. § 287.

53. Defendant's infringement of the '662 patent is and has been willful.

54. Defendant's acts of infringement of the '662 patent have caused and will continue to cause PerkinElmer damages for which PerkinElmer is entitled to compensation pursuant to 35 U.S.C. § 284.

n
n
n

## Prayer For Relief

WHEREFORE, PerkinElmer requests the Court to enter judgment as follows:

(a) that Defendant directly infringes, contributorily infringes and/or actively induces the infringement of the '345, '668, '338 and '622 patents;

(b) that Defendant pay all available and legally permissible damages sufficient to compensate PerkinElmer for Defendant's past, continuing and any future infringing acts;

(c) A finding that the complained-of conduct by the Defendant has been willful, warranting an award of treble damages under 35 U.S.C. § 284;

(d) that this case is exceptional under 35 U.S.C. § 285, warranting an award to PerkinElmer of its costs, including attorney fees and other expenses incurred in connection with this action;

(e) that Defendant pay PerkinElmer pre-judgment interest and post-judgment interest on all damages awarded; and

(f) that PerkinElmer be awarded such further relief as this Court deems just and appropriate.

## Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38, PerkinElmer demands a trial by jury of all issues so triable.

| | |
|---|---|
| Date:  July 1, 2014 | Respectfully submitted,<br><br>By: /s/  *Dalila Argaez Wendlandt*<br><br>Dalila Argaez Wendlandt (BBO# 639280)<br>ROPES & GRAY LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, Massachusetts 02199-3600<br>Telephone: (617) 951-7000<br>Facsimile:  (617) 951-7050<br>Email: dalila.wendlandt@ropesgray.com<br><br>Michael S. Heesters<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Telephone:  (212) 596-9000<br>Facsimile:  (212) 596-9090<br>Email:  michael.heesters@ropesgray.com<br><br>Seeking admission *pro hac vice*<br><br>*Attorneys for Plaintiffs PerkinElmer, Inc. and Caliper Life Sciences, Inc.* |